1   JENNIFER LLOYD KELLY (CSB NO. 193416)
    jennifer@tyzlaw.com
2   RYAN TYZ (CSB NO. 234895)
    rtyz@tyzlaw.com
3   CIARA N. MCHALE (CSB NO. 293308)
    ciara@tyzlaw.com
4   SEAN K. APPLE (CSB NO. 305692)
    sapple@tyzlaw.com
5   TYZ LAW GROUP PC
    4 Embarcadero Center, 14th Floor
6   San Francisco, CA 94111
    Telephone: 415.849.3578
7
    Attorneys for Plaintiff
8   GOOD JOB GAMES BILISM YAZILIM VE
    PAZARLAMA A.S.
9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12

13

14   GOOD JOB GAMES BILISM YAZILIM VE
     PAZARLAMA A.S. d/b/a GOOD JOB          Case No: _____
15   GAMES, a Turkish Corporation

16            Plaintiff,
                                            **COMPLAINT FOR COPYRIGHT
17         v.                               INFRINGEMENT**

18   LAB CAVE APPS S.L., a Spanish
     Corporation, LAB CAVE GAMES SPAIN      **DEMAND FOR JURY TRIAL**
     S.L., a Spanish Corporation, and FIBONAD,
19   S.L., a Spanish Corporation,

20            Defendants.

21

22

23

24

25

26

27

28

Plaintiff Good Job Games Bilism Yazilim ve Pazarlama A.S. d/b/a Good Job Games ("Good Job Games"), for its Complaint for Copyright Infringement against Defendants Lab Cave Apps S.L., Lab Cave Games Spain S.L., and Fibonad, S.L., alleges as follows:

## NATURE OF THE ACTION

1.      This action arises from Defendants' *Protect Dodgeball: Color Bump* game that infringes Good Job Games' intellectual property rights in its own original and popular game, *Color Bump* and *Color Bump 3D* (together, the "*Color Bump* Games").   Defendants have attempted to exploit *Color Bump* Games by making a clone that incorporates *Color Bump* Games' protectable and distinctive elements.  By this action, Good Job Games seeks to stop Defendants' unlawful conduct, and recover the losses it has suffered and will continue to suffer every day that *Protect Dodgeball: Color Bump* remains on the market, including any profits that Defendants have gained from their unlawful infringement.

## THE PARTIES

2.      Good Job Games is a Turkish corporation with its principal place of business in Istanbul, Turkey.

3.      Good Job Games believes and therefore alleges that Lab Cave Apps S.L. is a Spanish corporation.  Lab Cave Apps S.L. is the entity listed as a party to the Lab Cave Privacy Policy, available at https://labcavegames.com/privacy/.

4.      Good Job Games believes and therefore alleges that Lab Cave Games Spain S.L. is a Spanish corporation.  Lab Cave Games Spain S.L. is listed as the seller of the infringing game in the App Store.

5.      Good Job Games believes and therefore alleges that Fibonad, S.L. is a Spanish corporation with an office at 600 Wilshire Blvd, Suite 500, Los Angeles, California 90017.  The Lab Cave website, available at https://labcavegames.com/, provides that "Lab Cave is a mobile growth company part of the Fibonad Group," and shows a "Lab Cave by fibonad" logo.  The "About" page of Fibonad's website, available at https://www.fibonad.com/#about, states that "Lab Cave is a mobile gaming company offering ASO, premium publishing and content providing services.  So far, we have 300+ games in Google Play and App Store and generated

more than 140 million organic downloads." Good Job Games believes and therefore alleges that Fibonad owns, operates, or otherwise controls the Lab Cave entities, website, products and/or services.

## JURISDICTION AND VENUE

6.      Good Job Games brings this action pursuant to 17 U.S.C. §§ 101, 106, and 501 *et seq.* (the Copyright Act). The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (original jurisdiction of copyright claims).

7.      This Court has personal jurisdiction and venue is proper in this District under 28 U.S.C. §§ 1391 because (i) a substantial portion of the events giving rise to this action occurred in this judicial district; (ii) on information and belief, Defendants downloaded *Color Bump Games* from U.S. servers; (iii) on information and belief, Defendants used Apple[1] software to download and create a copy of *Color Bump 3D*; (iv) Defendants uploaded an infringing game to Apple's App Store for distribution in the U.S., including in this district; (v) Defendants marketed the infringing game to U.S. consumers, including consumers in this district; (vi) Defendants generated revenue from U.S. advertising services in connection with the infringing game, including in this district; (vii) Defendants agreed to make Apple their agent for distribution and marketing of the infringing game; and (viii) Defendants do business in this judicial district.

## INTRADISTRICT ASSIGNMENT

8.      Because this is an intellectual property case, it is subject to assignment to any division pursuant to Civil Local Rule 3-2(c).

## THE PARTIES' RESPECTIVE GAMES

9.      Good Job Games creates and publishes a variety of hit game applications for mobile devices. Good Job Games released its mobile game *Color Bump* on Google Play on September 5, 2018 and on the Apple App Store on September 15, 2018. The game tasks players with navigating a colored geometric shape (such as a triangle or square) through a series of

---

[1] Good Job Games believes and therefore alleges that Apple is headquartered in this district.

1  colorful geometrically-shaped obstacles by swiping their finger on the screen of their mobile

2  device.  The object of the game is to reach the finish line at the end of each game level.  Players

3  are allowed to touch obstacles that match the color of their navigational shape, but the game ends

4  if their navigational shape touches an obstacle of a different color.  The game features a flat, two-

5  dimensional gameplay perspective.  Good Job Games owns a U.S. copyright registration for

6  *Color Bump* (Registration No. TX 8-696-521).  Attached as **Exhibit A** is a copy of Good Job

7  Games' registration certificate for Registration No. TX 8-696-521.

8                              **Good Job Games'** *Color Bump*



19          10.      Good Job Games began developing a three-dimensional version of *Color Bump* in

20  October 2018.  It released that sequel, *Color Bump 3D*, on December 6, 2018 on the Apple App

21  Store and December 28, 2018 on Google Play.  Like the two-dimensional version of the game,

22  *Color Bump 3D* tasks players with navigating a three-dimensional sphere through a series of

23  three-dimensional, brightly-colored, geometrically-shaped obstacles in order to reach the finish

24  line at the end of each level.  Like Color Bump, players' navigational sphere can contact

25  obstacles of the same color, but the game ends if the sphere comes in contact with an obstacle of

26  a different color.  Good Job Games owns a U.S. copyright registration for *Color Bump 3D*

27  (Registration No. TX 8-696-525). Attached as **Exhibit B** is a copy of Good Job Games'

28  registration certificate for Registration No. TX 8-696-525.

11.     Since its launch, *Color Bump 3D* has enjoyed a great deal of success, maintaining a 4.6-star review on the App Store based on hundreds of thousands of positive reviews.

**Good Job Games' *Color Bump 3D***

  

12.     Defendants market Lab Caves as "a mobile gaming company offering ASO," or App Store Optimization.  Through ASO, Lab Caves utilizes keywords to optimize ranking of its mobile games and applications within the App Store search results, often close in proximity to games or apps with which it seeks to compete.  ASO helps Lab Caves to generate organic downloads of its games, *i.e.* downloads by customers that Lab Caves does not use resources to generate through advertising or other means.

13.     On or about January 30, 2019, Defendants published their game called *Protect Dodgeball: Color Bump*.  The game appears to be based on the same idea and features the same underlying mechanics as the *Color Bump* Games: players are tasked with navigating a geometric shape through a series of brightly-colored, geometrically-shaped obstacles in order to reach the finish line at the end of each level; players' navigational sphere can contact obstacles of the same color, but the game ends if the sphere comes in contact with an obstacle of a different color. *Protect Dodgeball: Color Bump* also features a three-dimensional gameplay perspective, just like *Color Bump 3D*.  But Defendants' copying goes well beyond using the same idea, mechanics and perspective featured in the *Color Bump* Games; *Protect Dodgeball:  Color Bump* blatantly copies Good Job Games' protectable expression, including, *inter alia*, the user interface, level

1    designs, colors, shapes, objects, graphic and sound effects, and game progression.  Lest there be

2    any doubt that Defendants intended to clone *Color Bump 3D*, that intent is evident from the

3    name Defendants selected for their infringing game, *Protect Dodgeball: **Color Bump***, which

4    incorporates the name of the game Defendants sought to clone.

### Defendants' *Protect Dodgeball*

  

### DEFENDANTS' COPYING OF GOOD JOB GAMES' *COLOR BUMP 3D*

15          14.    Good Job Games believes and therefore alleges that, after Good Job Games

16   released *Color Bump 3D*, Defendants noticed its popularity on the App Store and Google Play.

17   Defendants had access to *Color Bump 3D* through these platforms and could see the positive

18   reaction it was receiving in the market.

19          15.     Good Job Games believes and therefore alleges that, seeing the success of *Color

20   Bump 3D*, Defendants developed and launched *Protect Dodgeball: Color Bump*, a copycat game

21   designed to free-ride on the success of the *Color Bump* Games.

22          16.    Defendants' *Protect Dodgeball* copies core protected and distinctive elements of

23   the *Color Bump* Games.  Indeed, the presence of these elements in *Protect Dodgeball* makes it

24   readily apparent that the game is a blatant clone of *Color Bump 3D*.  As the non-exhaustive

25   examples below show, the main attributes of Defendants' *Protect Dodgeball* are substantially

26   similar to the constituent elements of *Color Bump 3D* that are original.  Despite the clean and

27   seemingly simple aesthetic of *Color Bump 3D*, the games are filled with original expression that

28   Good Job Games created, including its artwork, design aesthetics, layouts, level designs and its

selection and coordination of game elements, colors, and shapes.  It is well established that copyright protects such expression in video games.

17.    Defendants did not take merely the basic concepts of a color- and physics- based navigational game or elements dictated by genre, the nature of the games, or the rules.   Rather, Defendants wholly appropriate the very creative combination of elements Good Job Games developed.  Good Job Games carefully selected colors, shapes, layouts, and design aesthetics to create a unique and engaging experience.

18.    Defendants could have developed any number of different and original physics games, as there are countless possible shapes and configurations of levels and game pieces. Instead, Defendants slavishly copied the creative, original combinations of elements that Good Job Games selected to create a unique and engaging game experience, thereby exploiting the goodwill and popularity of the *Color Bump* Games.

### Defendants' Copying of *Color Bump 3D*



| *Color Bump 3D* | *Protect Dodgeball* |



| Color Bump 3D | Protect Dodgeball |

| Color Bump 3D | Protect Dodgeball |
|:---:|:---:|
|  |  |

19.     The similarities between the games are not coincidental, especially when viewed in the aggregate and in the context of the entire effect the games have on the player.  Nor are the similarities described above merely the result of two games existing in the same genre.  They are the result of willful infringement by Defendants to poach the market for the *Color Bump* Games, in particular *Color Bump 3D*.

20.     Nor was Defendants' willful infringement dictated by function or required to make a successful game in the same genre.  Rather, the elements copied by Defendants represent creative decisions by Good Job Games to design a unique and enjoyable game experience for its players.  By so closely copying *Color Bump 3D*, Defendants sought to mimic the same unique game experience that Good Job Games created.

21.     *Protect Dodgeball* has threatened the success of Good Job Games' *Color Bump* Games.  Good Job Games makes the *Color Bump* Games free to download and free to play. Good Job Games receives revenue primarily from in-app purchases and from advertisers who pay for ads to be displayed in or in relation to Good Job Games' games.  For this reason, it is

1    essential that Good Job Games' games be compelling and fun enough to attract players and keep

2    them engaged so that they do not spend their time and attention on competing games.  Copycat

3    games, including Defendants' *Protect Dodgeball* game, threaten to steal away those players,

4    interferes with Good Job Games' ability to acquire new players, and harm its ability to earn

5    money from the original games that it created.  By this action, Good Job Games seeks to prevent

6    Defendants from any past or further profiting from its infringement and any further harm to

7    Good Job Games' business.

8         22.    On June 28, 2019, Good Job Games submitted a complaint to the Apple App

9    Store showing that Defendants' *Protect Dodgeball: Color Bump* is an unauthorized clone of

10   Good Job Games' *Color Bump 3D* and infringes Good Job Games' copyrights and trademarks in

11   *Color Bump 3D*.

12        23.    On or about August 2, 2019, Defendants informed Good Job Games and Apple

13   that Defendants intended to change the name of their infringing game, specifically, that they

14   would be removing the words *Color Bump* from the title.  That change appears to have now been

15   made, and Defendants currently are distributing the game under the name *Protect Dodgeball:*

16   *Road Rush*.[2]  Defendants have otherwise continued to distribute the infringing game via the App

17   Store.

18        24.    On or about August 3, 2019, Good Job Games informed Defendants and Apple

19   that the name change did not address Defendants' infringement of Good Job Games' copyrights

20   in *Color Bump 3D* and advised Defendants that, if Defendants refused to remove *Protect*

21   *Dodgeball* from the App Store, Good Job Games would proceed with litigation to protect its

22   rights.  Defendants subsequently made a last-minute attempt to dodge litigation, claiming, on or

23   about August 6, 2019, that they had made "a complete restyling" of the infringing game, which

24   they expected to go live soon.  As of the filing of this complaint, the infringing game remains

25   unchanged, in the App Store and otherwise on the market.

26

27   _____

28   [2] Defendants' infringing game shall hereinafter be referred to as *Protect Dodgeball*.

25.     Defendants have never submitted a counter-notification pursuant to, and in compliance with, 17 U.S.C. § 512(g) of the Digital Millennium Copyright Act to Apple or Good Job Games.

## FIRST CLAIM FOR RELIEF

### (Federal Copyright Infringement)

26.     Good Job Games re-alleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth herein.

27.     Good Job Games' *Color Bump 3D* is an original and creative expressive work that constitutes copyrightable subject matter under 17 U.S.C. §§ 101 *et seq*.  Good Job Games has owned all rights and privileges for this work at all relevant times.  Good Job Games acquired registration for the copyright in *Color Bump 3D* from the United States Registrar of Copyrights.

28.     Defendants had access to *Color Bump 3D* by virtue of its widespread popularity and global distribution through the App Store and Google Play, including in Spain where Defendants are located.

29.     Defendants copied substantial original elements of *Color Bump 3D.*

30.     The original elements of *Color Bump 3D* that Defendants copied were and are copyrightable subject matter, owned by Good Job Games.

31.     By its actions described above, Defendants have infringed Good Job Games' copyrights by, without limitation, copying, publicly displaying, and distributing *Protect Dodgeball*, without authorization from Good Job Games.

32.     On information and belief, Defendants' infringement has been deliberate and with willful disregard of Good Job Games' rights.

33.     Defendants have realized unjust profits, gains, and advantages as a proximate result of their infringement.  These gains are ongoing as the infringement continues.  On information and belief, Defendants have the right and ability to control the infringing conduct including the ability to determine their own conduct, and Defendants can access and use their revenue from *Protect Dodgeball*.  This revenue is a direct financial benefit to Defendants.

34.     As a direct and proximate result of Defendants' infringement, Good Job Games has suffered, and will continue to suffer, actual damages.  Good Job Games is entitled to its actual damages and any gains, profits, and advantages Defendants obtained through infringement.

35.     Good Job Games has no adequate remedy at law for its current and prospective injuries.  Defendants' continued wrongful conduct will cause Good Job Games irreparable injury that cannot be adequately remedied at law unless the court enjoins Defendants from further infringement.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff Good Job Games respectfully requests that this Court enter judgment in its favor against Defendants and grant the following relief:

A.     A preliminary and/or permanent injunction restraining Defendants, and each of their agents, servants, employees, attorneys, successors and assigns, affiliates and all persons, firms, and corporations acting in concert with them, from directly or indirectly violating Good Job Games' rights under the Copyright Act;

B.     An order directing that Defendants file with the Court and serve upon counsel for Good Job Games within thirty (30) days after entry of such order or judgment a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

C.     An award to Good Job Games of damages it has sustained or will sustain by reason of Defendants' conduct, and all profits derived by Defendants from such conduct;

D.     Good Job Games' costs and reasonable attorneys' fees;

E.     Prejudgment and post-judgment interest; and

F.     All such further and additional relief, in law or in equity, to which Good Job Games may be entitled or which the Court deems just and proper.

/ / /

/ / /

/ / /

Dated: August 6, 2019

Respectfully submitted,

*/s/ Jennifer Lloyd Kelly*

Jennifer Lloyd Kelly

Attorneys for Plaintiff
GOOD JOB GAMES BILISM YAZILIM VE
PAZARLAMA A.S.

## **DEMAND FOR JURY TRIAL**

Good Job Games hereby demands trial by jury on all issues and claims so triable.

Dated: August 6, 2019

Respectfully submitted,

*/s/ Jennifer Lloyd Kelly*

Jennifer Lloyd Kelly

Attorneys for Plaintiff
GOOD JOB GAMES BILISM YAZILIM VE
PAZARLAMA A.S.