JENNIFER LLOYD KELLY (CSB NO. 193416)
jennifer@tyzlaw.com
RYAN TYZ (CSB NO. 234895)
rtyz@tyzlaw.com
CIARA N. MCHALE (CSB NO. 293308)
ciara@tyzlaw.com
SEAN K. APPLE (CSB NO. 305692)
sapple@tyzlaw.com
TYZ LAW GROUP PC
4 Embarcadero Center, 14th Floor
San Francisco, CA 94111
Telephone: 415.849.3578

Attorneys for Plaintiff
GOOD JOB GAMES BILISM YAZILIM VE
PAZARLAMA A.S.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOD JOB GAMES BILISM YAZILIM VE PAZARLAMA A.S. d/b/a GOOD JOB GAMES, a Turkish Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAB CAVE APPS S.L., a Spanish Corporation, LAB CAVE GAMES SPAIN S.L., a Spanish Corporation, and FIBONAD, S.L., a Spanish Corporation,<br><br>Defendants. | Case No: 3:19-cv-04569-DMR<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION AND ORDER (AS MODIFIED) TO RESCHEDULE INITIAL CASE MANAGEMENT CONFERENCE AND CASE DEADLINES** |

Pursuant to Civil Local Rules 6-1 and 6-3, Plaintiff Good Job Games Bilism Yazilim Ve Pazarlama A.S. d/b/a Good Job Games, by and through its counsel, hereby moves for a continuance of the Initial Case Management Conference to a date on or after January 15, ~~2019~~ 2020 at 1:30 pm and a continuance of at least 60 days for all other deadlines set forth in the Court's Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. 8). Good cause exists for Plaintiff's motion as follows:

1. Plaintiff filed its complaint on August 6, 2019. Dkt. 1. Counsel for Plaintiff subsequently provided notice of filing of the complaint by email to Jesus Martinez, Chief Executive Officer of the Lab Cave by Fibonad. Declaration of Ciara N. McHale ("McHale Dec.") ¶ 2.[1] Counsel for Plaintiff and Mr. Martinez exchanged communications regarding filing of the case, potential resolution of the parties' dispute, and, failing a resolution, service of the complaint and summons. Id.

2. On or about August 27, 2019, counsel for Plaintiff received by email a letter from counsel for Defendants, Tamara Fraizer of the Palo Alto office of Squire Patton Boggs. Id. ¶ 3. Counsel for Plaintiff subsequently communicated with Ms. Fraizer on multiple occasions, by email and telephone, regarding the status of the case, potential resolution of the dispute, and service of process. Id.

3. While communications with counsel for Defendants have been ongoing, Plaintiff has undertaken efforts to effect service on Defendants. First, Plaintiff made a service attempt on Defendant Fibonad S.L. at the address listed on its website for its Los Angeles office. McHale Dec. ¶ 4. When that attempt was unsuccessful, Plaintiff mailed to that address Notice of a Lawsuit and Request to Waive Service and accompanying documents for the Defendants. Id. ¶ 5. Through the attempts to serve Defendants at the Los Angeles address, counsel for Plaintiff learned that the address listed on Fibonad's website is a co-working space at which none of the Defendants have a presence. Id. ¶ 6. Ms. Fraizer later confirmed this fact on a call with counsel for Plaintiff. Id.

4. Most recently, Plaintiff's counsel asked Ms. Fraizer to accept service on behalf of the Defendants. Id. ¶ 7. Ms. Fraizer did not agree to accept service of process on behalf of Defendants. Id.

5. After exhausting the options described above, and because Defendants appear to be primarily in Spain, Plaintiff has now undertaken service of process in compliance with the

---

[1] It is Plaintiff's understanding that Defendant Fibonad S.L. is the parent company of Defendants Lab Cave Apps S.L. and Lab Cave Games Spain S.L. Id.

1  Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
2  Commercial Matters ("the Hague Convention"). Plaintiff completed translation of the
3  documents to be served and sent them to the Spanish central authority for service on October 9,
4  2019. McHale Dec. ¶ 8.

5      6. Plaintiff has not yet received any information regarding status of service through
6  the Spanish central authority. *Id.* ¶ 9. It is Plaintiff's understanding that service through the
7  Hague Convention can take up to several months to complete.

8      7. The Initial Case Management Conference is currently set for November 6, 2019 at
9  1:30 pm, with related deadlines and ADR deadlines approaching on October 16, 2019 and
10 October 30, 2019.  Dkt. 8. Plaintiff seeks to continue all deadlines in the case until after service
11 has been completed in the interests of efficiency and conservation of judicial resources.

12     8. This is Plaintiff's first request for a continuance of the Initial Case Management
13 Conference and related deadlines.

14     9. Plaintiff therefore respectfully requests a continuance of the Initial Case
15 Management Conference to a date on or after January 15, ~~2019~~ 2020 at 1:30 pm and a continuance of
16 at least 60 days for all other deadlines set forth in the Court's Order Setting Initial Case
17 Management Conference and ADR Deadlines (Dkt. 8), including the deadlines to meet and
18 confer, file ADR Certifications, complete initial disclosures, and file a Case Management
19 Statement.

20 Dated: October 15, 2019      Respectfully submitted,

21     */s/ Ciara N. McHale*
    Ciara N. McHale

22

23     Attorneys for Plaintiff
    GOOD JOB GAMES BILISM YAZILIM VE
    PAZARLAMA A.S.

24

25 / / /
26 / / /
27 / / /
28 / / /

ORDER

**IT IS SO ORDERED AS MODIFIED.**

Dated: October 16, 2019



_____
United States Magistrate Judge